No. 41394.

District Court, N. D. Illinois, E. D.

Jan. 25, 1940.

LARSON v. HOLTEN.

No. 19.

District Court, D. Minnesota, Third Division.

April 4, 1939.

Sanborn, Graves, Appel, Andre & Morton, of St. Paul, Minn., for plaintiff.

T. H. Wangensteen, of Minneapolis, Minn., for defendant.

SULLIVAN, District Judge.

The Court heard and considered the arguments of counsel, examined and considered the files and proceedings herein and the files and proceedings in that certain cause in the District Court of the United States for the District of Minnesota, Sixth Division, wherein Emanuel E. Larson was plaintiff and J. C. Holten was defendant (No. 560 Law), and interrogated counsel as provided by Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

It appearing to the Court from the concessions, of defendant's counsel in open court that defendant was not a creditor of the plaintiff, Kathryn Hebard Larson, or her husband, Emanuel E. Larson, and from an examination of the files and proceedings in said cause in the Sixth Division of said court that said cause had been submitted to the Court for adjudication upon the pleadings and certain stipulated matters, jury trial being waived, and that the Court had regularly made its findings of fact, conclusions of law, and order for judgment thereon, and that judgment had been duly entered thereon on February 6, 1929, as alleged in the complaint herein, and that said judgment had been duly assigned by the judgment creditor to the plaintiff herein by an instrument duly executed and acknowledged, and on file in said cause, and it further appearing that no substantial controversy exists with respect to any material facts herein, other than as to the amount of damages;

Now, therefore, it is ordered and determined that the following facts appear without substantial controversy, to-wit:

I. Plaintiff, Kathryn Hebard Larson, is a citizen of the State of Illinois, and Emanuel E. Larson, from whom plaintiff claims by assignment, as hereinafter more fully appears, is also a citizen of the State of Illinois. Defendant, J. C. Holten, is a citizen of the State of Minnesota. The matter in controversy exceeds, exclusive of interest and costs, the sum of Three Thousand Dollars ($3,000).

II. In a certain action in the District Court of the United States for the District of Minnesota, Sixth Division, wherein said Emanuel E. Larson was plaintiff and said J. C. Holten was defendant (No. 560 Law), a personal judgment was duly given by said court on February 6, 1929, against the said J. C. Holten in favor of the said Emanuel E. Larson for the total sum, inclusive of interest to said date and costs, of Four Thousand Seven Hundred Twenty and 88/100 Dollars ($4,720.88), and on the same day said judgment was duly entered and docketed in the office of the Clerk of said Court.

III. On or about November 6, 1935, said Emanuel E. Larson duly assigned said judgment to said Kathryn Hebard Larson, the plaintiff herein, by an instrument in writing duly signed and acknowledged by said assignor, which instrument has been duly filed with the Clerk of said Court, wherein said judgment was rendered, and said plaintiff is now the record owner of said judgment by virtue of said assignment.

IV. Plaintiff is the real party in interest for the purpose of prosecuting this action within the meaning of Rule 17 of the Rules of Civil Procedure.

V. Said action was duly commenced within the period of any applicable statute of limitations;
and that plaintiff is entitled to judgment against defendant for such amount, if any, as may be determined to be due upon said judgment of February 6, 1929.

It is further ordered that the issue as to the amount due upon said judgment of

February 6, 1929, may be placed upon the calendar for trial, in accordance with the applicable Rule or Rules.